IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MANUELA PIRVU,

        Plaintiff,

v.                                                                          1:16-cv-2516-WSD

CHARMAINE HAMMONDS,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [3] ("R&R"). The R&R recommends this action be remanded to the Magistrate Court of Gwinnett County, Georgia.

**I.     BACKGROUND**

On July 12, 2016, Defendant Charmaine Hammonds ("Defendant") filed her application for leave to proceed *in forma pauperis* ("IFP") [1] and notice of removal [2]. Defendant seeks removal of a dispossessory action brought by Plaintiff Manuela Pirvu ("Plaintiff") in the Magistrate Court of Gwinnett County, Georgia.

On July 14, 2016, the Magistrate Judge issued her R&R. The Magistrate Judge found that the Court lacks subject matter jurisdiction over this action, and

recommends this action be remanded to the Magistrate Court of Fulton County. Plaintiff did not file any objections to the R&R, and has not otherwise taken any action this case.

## II.   ANALYSIS

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.   Discussion

The Magistrate Judge determined that Plaintiff's Complaint does not contain any federal claims, and removal based on federal question jurisdiction is improper. That Defendant asserts in her Notice of Removal defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

Because Defendant does not assert, and there is no evidence to show, that the parties are diverse, the Magistrate Judge determined the Court does not have diversity jurisdiction.  She found that, even if Defendant could show the parties were diverse, Defendant cannot meet the amount-in-controversy requirement to establish diversity jurisdiction.  (R&R at 5).  The Magistrate Judge concluded that the Court lacks subject matter jurisdiction over this state dispossessory proceeding, and recommends the Court remand this action to the Magistrate Court of Gwinnett County.  The Court finds no plain error in these findings and recommendation, and this action is remanded.  See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Gwinnett County.

**SO ORDERED** this 25th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE